[L. A. No. 3856.    Department One.—December 16, 1916.]

## JENNIE HARRIS et al., Respondents, v. A. P. JOHNSON, Appellant.

NEGLIGENCE — DRIVING AUTOMOBILE ON LEFT SIDE OF STREET — WHEN ACT NEGLIGENT.—Driving along the left-hand side of a street in a city is not of itself an act of negligence. It becomes so, if at all, only because of the surrounding circumstances or because it has been forbidden by law or by an ordinance of the city.

ID.—VIOLATION OF CITY ORDINANCE—PRESUMPTION OF NEGLIGENCE.— It is well settled in this state that the violation of an ordinance is a breach of duty toward the person injured by such violation. It is presumptive evidence of negligence, which, if not excused by the circumstances shown, is sufficient proof of negligence to support an award of damages to an injured person in an action based on such charge of negligence.

ID.—CONSTRUCTION OF CITY ORDINANCE — PASSING OF VEHICLES.— The word "vehicles" used in a city ordinance providing that any person in overtaking and passing other *vehicles,* shall pass to the left of said *vehicle,* and the vehicles being so overtaken and passed shall give way to the right, obviously does not include street-cars, since they must travel upon a fixed track and cannot give way to the right. The section applies only to vehicles that are able to turn to the right or left, and it does not authorize or require the driver of an automobile to go upon the left-hand side of the street in order to pass the street-car. In that operation the driver must follow another section of the ordinance providing that any person driving or in charge of a vehicle on any street shall upon all occasions travel upon the right-hand side of said street.

ID.—PERFORMANCE OF DUTY AND OBEDIENCE TO LAW — RIGHT TO PRE- SUME IN OTHERS.—The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and, in the absence of reasonable ground to think other- wise, it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person. Such person must, of course, himself use reasonable care to observe the conduct of the other person so far as such con- duct may affect his own safety at the time.

ID.—NEGLIGENCE OF AUTOMOBILE DRIVER—LACK OF CONTRIBUTORY NEG- LIGENCE BY PEDESTRIAN.—An automobile driver passing a street- car in a city on the left-hand side of the street, because the right side of the street was temporarily blockaded, in violation of a city ordinance, and thereby injuring a pedestrian who had alighted from one car and passed in front of another stationary car, was guilty of negligence warranting a recovery for the personal injuries suf-

fered by the pedestrian. Nor was the pedestrian guilty of negligence herself where it was shown that before attempting to cross the street she looked in both directions and used ordinary care to ascertain whether or not any vehicle was approaching and did not see defendant's automobile. She had a right to assume that any vehicle would drive on the right side of the street as provided by an ordinance, unless and until, in the reasonable careful use of her faculties, she had reasonable cause to believe otherwise.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Charles S. Davis, and R. C. Gortner, for Appellant.

Stephen Monteleone, for Respondents.

SHAW, J.—This is an action to recover damages for personal injuries sustained by plaintiff, Jennie Harris, in a collision with the defendant's automobile. The case was tried by the court, a jury having been expressly waived. The court made findings of fact and conclusions of law in favor of the plaintiffs, and thereupon entered judgment against the defendant for one thousand five hundred dollars. The defendant appeals from the judgment and from an order denying a motion for new trial.

The court found that while plaintiff, Jennie Harris, was crossing West Seventh Street, in Los Angeles, after alighting from a street-car, the "defendant's automobile was carelessly and negligently being driven on the left side of said West Seventh Street, and while so traveling on the left-hand side of said West Seventh Street, said defendant struck said plaintiff, Jennie Harris, with his automobile," causing the injury complained of. It is contended that this finding is unsupported by the evidence.

It must be noted that there is no finding that the defendant was driving faster than was consistent with reasonable care or that he was guilty of any negligence, except that of driving his automobile westerly on the left side of the street. Seventh Street runs easterly and westerly. Driving along the left-hand side of a street is not, of itself, an act of negligence. It becomes so, if at all, only because of the surrounding circum-

stances or because it has been forbidden by law, or by an ordinance of the city.

The evidence shows without conflict that the plaintiff had alighted from a street-car going westerly on Seventh Street and was standing on the northerly curb, intending to go to the southerly side of the street. Before attempting to cross she waited until the car from which she alighted had passed on. There was another street-car standing still immediately behind that car. The motorman of the standing car motioned to her to cross in front of the car, which she proceeded to do. The defendant was, at this time, coming westerly in his automobile on the same street and behind this street-car, and seeing the standing car and the right-hand side of the street blockaded temporarily by several wagons, passed the street-car on the left side, and in doing so ran his automobile along the left half of the street, striking the plaintiff and knocking her down as she emerged from in front of the standing street-car and was crossing the street.

At the time of the accident there was in force in Los Angeles city Ordinance No. 21,552, N. S., sections 2 to 6, inclusive, being introduced in evidence. The material portions thereof read as follows:

"Sec. 2. Every person riding, propelling or in charge of any vehicle in or upon any street in the city of Los Angeles, shall ride, drive or propel such vehicle upon such streets in a careful manner and with due regard for the safety and convenience of the pedestrians and all other vehicles upon such streets."

"Sec. 3. Every person riding, driving, propelling or in charge of any vehicle upon meeting any other vehicle at any place, upon any street within the city of Los Angeles, shall turn to the right and upon all occasions shall travel upon the right-hand side of said street, and as near the right-hand curb thereof, as possible."

"Sec. 5. Every person riding, driving, propelling or in charge of any vehicle shall, in overtaking and passing other vehicles, in and upon any streets within the city of Los Angeles, pass to the left of said vehicle, and the person in charge of such vehicle so overtaken and passed, shall give way to the right."

The contention of the appellant is that he was acting entirely within his rights in using the northerly or right-hand

portion of the southerly half of said street, the claim being that such portion was the only part of the street open for travel at that time, and further, that section 5 of the ordinance, above quoted, authorized the defendant to pass to the left of the street-car, as he did. Section 3 of the ordinance, above quoted, provides that any person driving or in charge of a vehicle on any street in Los Angeles shall upon all occasions travel on the right-hand side of said street. The use of the left side of Seventh Street was, under the circumstances, a violation of that section. It is well settled in this state that the violation of an ordinance is a breach of duty toward the person injured by such violation. It is presumptive evidence of negligence, which, if not excused by the circumstances shown, is sufficient proof of negligence to support an award of damages to the injured person in an action based on such charge of negligence. (*McKune* v. *Santa Clara Valley Mill etc. Co.*, 110 Cal. 480, 486, [42 Pac. 980]; *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 667, [16 Ann. Cas. 1061, 98 Pac. 1063]; 1 Shearman and Redfield on Negligence, sec. 13.) The defendant must, therefore, be deemed to have been negligent unless he is excused by section 5 of the ordinance above quoted, providing that any person in overtaking and passing other *vehicles* shall pass to the left of said *vehicle* and the *vehicle* being so overtaken and passed shall give way to the right. Obviously, the word ''vehicles,'' in this section, does not include street-cars, since they must travel upon a fixed track and cannot give way to the right. The section applies only to vehicles that are able to turn to the right or left, and it does not authorize or require the driver of an automobile to go upon the left-hand side of the street in order to pass a street-car. In that operation the driver must follow section 3, and pass along the right-hand side. Defendant's negligence was, therefore, clearly established.

The appellant further contends that even if it is shown that he was negligent, the evidence also shows that plaintiff was equally negligent in crossing the street as she did. The contention is without merit. ''The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.''

(29 Cyc. 516; *Medlin* v. *Spazier*, 23 Cal. App. 242, [137 Pac. 1078].) Such person must, of course, himself use reasonable care to observe the conduct of the other person so far as such conduct may affect his own safety àt the time. The plaintiff had the right to assume that the defendant's automobile, or any other vehicle coming westerly on Seventh Street, would confine its travel to the right-hand side of the street, as provided in the ordinance aforesaid, unless and until, in the reasonably careful use of her faculties, she had reasonable cause to believe otherwise. There was evidence to show that before attempting to cross the street she looked in both directions, and used ordinary care to ascertain whether or not any vehicle was approaching, and that she did not see the defendant's automobile coming, notwithstanding such caution. The defendant testified that he was traveling at the rate of fifteen to eighteen miles an hour at the time he discovered the plaintiff crossing the street fifteen or twenty feet in front of him. Assuming that the defendant was, obedient to the ordinance aforesaid, traveling on the right-hand side of the street before he attempted to overtake and pass the street-car, and bearing in mind the rate of speed at which he was traveling, it would have been possible for the plaintiff, when passing from in front of the standing street-car to the south side of the street, to have looked toward the east without seeing anything of the defendant's approaching automobile. The evidence was sufficient to exonerate her from the charge of contributory negligence.

No other points are presented in support of the appeal.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.