[Civ. No. 3206.   Second Appellate District, Division Two.—June 22, 1920.]

# C. H. BAKER, Respondent, v. WESTERN AUTO STAGE COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — INJURY TO PASSENGER — DECLARATIONS OF DRIVER—EVIDENCE — HARMLESS ERROR. — In an action against an auto stage company for damages for personal injuries received by plaintiff, a passenger on one of its auto buses, as the result of a collision of the auto bus with another automobile, while testimony as to declarations made by the driver of defendant's auto bus immediately after the accident is incompetent as against the auto stage company, such declarations not being part of the *res gestae*, its admission does not constitute reversible error where it does not differ materially from the testimony of the driver himself.

[2] ID.—CAUSE OF ACCIDENT—EVIDENCE — FINDINGS. — In this action against an auto stage company for damages for personal injuries received by plaintiff, a passenger on one of its auto buses, as the result of a collision of the auto bus with another automobile at an intersection, under all the circumstances of the case—the rate of speed at which defendant's bus was traveling, the fact that the other automobile had the right of way, it having approached the intersection from the right, and that the vision of the approach of the latter automobile was obscured by a hedge—the trial court was justified in holding that the accident was the result of defendant's negligence.

[3] ID.—DAMAGES NOT EXCESSIVE.—In this action for damages, in view of the extent of the plaintiff's injuries, the length of time he was confined to his bed, the expenses to which he was put, and the effect of the injuries on his earning capacity, it could not be said the damages awarded by the trial court was excessive.

[4] ID.—NEGLIGENCE OF DRIVER OF OTHER AUTOMOBILE—ABSENCE OF ISSUE—SUFFICIENCY OF FINDINGS.—In an action against an auto stage company for damages for personal injuries received by plaintiff, a passenger on one of its auto buses, as the result of a collision of the auto bus with another automobile, where the complaint alleges that the accident was due to the negligence of

1.  Effect of speed and application of speed regulations on liability for collision between automobiles, or an automobile and another vehicle at or near corner of street or highway, note, L. R. A. 1916A, 747.

Speed of automobile as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.

the defendant but no issue is presented respecting carefulness or negligence on the part of the driver of the other automobile, a finding of defendant's negligence and that plaintiff's injuries were proximately caused thereby is all that is necessary.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Richard A. Dunnigan for Respondent.

FINLAYSON, P. J.—In this action for personal injuries, sustained in an automobile accident while a passenger on one of defendant's auto buses, plaintiff recovered judgment for one thousand dollars, from which defendant appeals.

Defendant, a common carrier of passengers, runs auto stages or buses between Los Angeles and Bakersfield. Plaintiff was injured in a collision between one of defendant's auto buses and another automobile, a Buick, owned and driven by a man of the name of Maxwell. At the time of the collision, defendant's bus, on which plaintiff was a passenger, was traveling from Los Angeles to Bakersfield. The collision occurred in Los Angeles County, at the intersection of Glendale Street and San Fernando Road. Glendale Street enters, but does not cross San Fernando Road. Plaintiff alleged, and the court found, that the collision was the result of the negligent driving of the auto bus by defendant's employee, William Dukelow. Immediately before the accident, Dukelow, driving defendant's auto stage, was traveling northwesterly along San Fernando Road. He approached the place where that road is entered by Glendale Street from his right. Maxwell, operating his Buick car, and traveling southeasterly on Glendale Street, was approaching the point where defendant's auto bus would pass the intersection. Dukelow, traveling at a rate of thirty-five miles an hour, according to one of plaintiff's witnesses, turned his machine toward the left-hand side of the road upon which he was traveling, for the purpose of avoiding a collision with the Buick. Maxwell's car struck the stage, with the result that the stage was turned over and plaintiff thrown under and

injured.   One of plaintiff's witnesses, who was riding on the front seat with the driver of defendant's stage, testified that Maxwell's car came into sight when the stage was about seventy-five feet from the intersection.   Maxwell testified, in substance, that, as he reached the place where Glendale Street enters San Fernando Road, he looked to his left and saw defendant's auto stage approaching at a distance of about 150 or 160 feet; that, intending to turn into San Fernando Road in the direction from which the stage was coming, he proceeded across the center line of that road, at a moderate rate of speed—between eight and ten miles an hour—for the purpose of making the turn; that defendant's auto stage, traveling along San Fernando Road, swerved to the left, and the collision occurred.   Dukelow, on the other hand, testified that before reaching the point of the accident he had been traveling at a speed of about twenty-five to thirty miles an hour, and that, as he approached the corner where the two roads meet, he began to slow down, and when about twenty feet from the nearest curb on Glendale Street he saw Maxwell's automobile; that believing there was ample room for him to pass, he bore to the left-hand side of San Fernando Road in order to allow Maxwell's car to pass; that Maxwell appeared to slow down at first, but that his automobile suddenly shot forward as the stage was passing, and struck the latter; that it appeared to him that Maxwell was an incompetent driver, and that instead of putting on the brakes of his machine, as he evidently intended to do, he had pressed the foot-throttle, with the result that Maxwell's machine darted forward and thus caused the collision.

This case and another brought by Maxwell against this defendant and Dukelow were tried together in the court below, it being there stipulated that testimony taken in the one case should be deemed evidence in the other.   During the trial a witness called by Maxwell testified that, coming upon the scene shortly after the accident, he questioned the driver of defendant's auto bus, Dukelow, who, in reply, stated that he was traveling about twenty-five miles an hour, and, later, that he was not going over twenty miles an hour.   In this same conversation, Dukelow, when asked why he did not use the emergency-brake, replied that he did not because it would have been dangerous to use it; that he could lock his

wheels with his foot-brake as effectively as he could with his emergency-brake, without so much danger of overturning the stage. To this testimony counsel for the defendant here objected upon the ground that, as against it, evidence of Dukelow's declarations after the accident was incompetent and inadmissible.

This brief sketch of the evidence will suffice for an understanding of the questions presented by this appeal. The grounds urged for reversal are: (1) That the court erred in admitting in evidence the declarations made by Dukelow shortly after the accident; (2) that the evidence fails to show any negligence on the part of defendant; (3) that the damages awarded to plaintiff, one thousand dollars, are excessive; and (4) that the trial court failed to find that the accident was not due to negligence on the part of Maxwell, the driver of the Buick.

[1] Testimony as to the declarations made by the driver of defendant's auto bus immediately after the accident was doubtless incompetent, as against this defendant. They were no part of the *res gestae*. But the error could not possibly have been the cause of a miscarriage of justice. There was nothing in Dukelow's declarations as to the speed at which he was driving defendant's auto bus that differed materially from his own testimony. He himself, when a witness in the case, testified that he was traveling along the San Fernando Road at a rate of twenty-five or thiry miles an hour, and that, as he approached the intersection, he slowed down to approximately twenty miles an hour. So far, therefore, as Dukelow's declaration related to the speed of appellant's auto bus, it accords substantially with his own testimony given as a witness in the case. As to the remaining part of the objectionable declaration, that wherein Dukelow told the witness that he did not use the emergency-brake because it was less dangerous to use the foot-brake, no possible injury to appellant's case could be caused thereby. Moreover, when the evidence of Dukelow's declarations was offered, counsel for the Western Auto Stage Company, the appellant here, made a statement in reply to a remark by counsel for Baker, the respondent on this appeal, that may well have led the latter to believe that, as to his client, the objection to the evidence of Dukelow's declarations was not urged. The

statement made by appellant's counsel was ambiguous, and doubtless he did not intend that it should have the meaning that respondent's counsel evidently gave it. But it was sufficient to justify the latter in inferring that the objection to evidence of Dukelow's declarations was not to apply to his client.

[2] The finding as to defendant's negligence is sustained by the evidence. As Dukelow, driving defendant's auto bus, approached the intersection, traveling at a high rate of speed, according to plaintiff's witnesses, the Buick, driven by Maxwell, was on Dukelow's right-hand side. The Buick was approaching the intersection at the right of defendant's stage, its driver, Maxwell, intending to make the turn. The Buick, therefore, had the right of way, that is, the right to cross in advance of the stage, and should have been allowed by the driver of the latter sufficient time to make the crossing. Had the stage been under such control as to enable its driver to bring it to a stop before crossing Glendale Street, the collision doubtless would not have occurred. There was a hedge at the first right-hand corner which the stage was approaching. The driver admitted that this obscured his vision of any vehicle that might be coming from that direction. He testified that he was within twenty feet of the first curb line when he first saw Maxwell's automobile. From all the evidence, it was for the trial court to say whether, under the circumstances, defendant was or was not negligent in the operation of his auto bus. No such clear case is presented by the record as to make it appear as a matter of law that there was negligence or the lack of it on the part of defendant's driver.

[3] As a result of his injuries, plaintiff was confined to his bed for the greater part of three months; he had to remain in a hospital for twelve days after the accident; his hospital bill alone amounted to fifty-five dollars; he suffered considerable pain, even up to the time of the trial; as a result of his injuries he was partially incapacitated for labor; prior to the accident he had been a strong, able-bodied man, earning in his trade, that of builder and carpenter, four dollars a day; during all of the seven months intermediate the accident and the trial, and by reason of his incapacity, due to his injuries, he was unable to earn more than fifty-

seven dollars. In view of these facts, and considering plaintiff's age, we cannot hold that the damages awarded by the trial court, one thousand dollars, were excessive. The law governing the question of excessive damages has thus been expressed in *Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156, [47 Pac. 1019], approved in *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513], and *Smith* v. *Royer*, 181 Cal. 165, [183 Pac. 660]: ''It is only where the verdict is so grossly disproportionate to any reasonable limit of compensation, warranted by the facts, as to shock the sense of justice and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that the judge is at liberty to interpose his judgment as against that of the jury.'' While this rule was stated with relation to the verdict of a jury, it applies equally to the findings of a trial court when considered on appeal. We cannot say that the judgment herein is ''so grossly disproportionate to any reasonable limit of compensation, warranted by the facts, as to shock the sense of justice.''

[4] There is no merit in the claim that the court erred in failing to make a specific finding as to whether Maxwell was or was not negligent in driving his machine. The averment of negligence in the complaint is this: ''That . . . through the carelessness, recklessness and negligence'' of the driver of defendant's auto bus, the bus ''was caused to collide with and against another auto which was then and there being driven in a southerly direction on said Glendale Street . . . ; that by reason thereof, the said bus . . . was caused to turn over . . . and plaintiff . . . was thrown under . . . and . . . thereby . . . injured.'' Thus was the issue respecting defendant's negligence presented by plaintiff in his pleading. The finding upon the issue of negligence follows, substantially, the allegation of the complaint. No more was necessary. Though it is quite possible that, if Maxwell was negligent, defendant was not, it was not for that reason necessary to find specifically that Maxwell was not negligent in order to justify a judgment against the defendant here. The complaint presents no direct issue respecting carefulness or negligence on Maxwell's part. He is not mentioned in the pleadings. The finding of defendant's negligence substantially in the language of the complaint, and that plain-

tiff's injuries were proximately caused thereby, was all that
was necessary.

We find no reversible error in the record.

Judgment affirmed.

Thomas, J., and Weller, J., concurred.