[Civ. No. 6073. First Appellate District, Division Two.—April 19, 1928.]

BRUCE WIXON, Respondent, v. RAISCH IMPROVE-MENT CO. (a Corporation) et al., Appellants.

Cooley & Gallagher, and Cooley, Crowley & Gallagher for Appellants.

C. W. Davison, James P. Sex, Harry A. Houser, C. A. S. Frost, and W. A. Beasly for Respondent.

MURPHEY, J., *pro tem.*—In this case the respondent interposed a motion to dismiss the appeal on the ground that the transcript was not filed within the time prescribed by the rules of the supreme court. The transcript was filed on the forty-fourth day after the bill of exceptions had been settled and filed in the office of the county clerk of Santa Clara County. On the forty-second day after the settlement and filing of the bill of exceptions, respondent served his motion to dismiss the appeal accompanied by affidavits sufficient in form and substance. On the date of the hearing, in the absence of any affirmative showing by the appellants, the appeal should have been dismissed, but on that date appellant asked and was granted time to file affidavits in support of his application then made to be relieved from default. Several affidavits were filed by the respective parties and the matter was set for hearing and heard on the nineteenth day of March, 1928.

The printer, who had in charge the printing of the transcript in this case, stated in his affidavit as follows: "At said time" (referring to the dates of the settlement and the filing of the bill of exceptions and the forty-day period thereafter) "the firm of Pernau-Walsh had an unusually heavy run of business and a very large amount of printing to be done and said judgment (roll) could not be set up for the reason that all of its linotype machines and operators were busy and it was impossible to have the transcript completed and ready for delivery until about three o'clock P. M. on December 11th, 1925." The delivery was made to Lasher B. Gallagher, the attorney for the appellants. This, of course, was a matter over which appellants had no control and for which they may not be held responsible. The 11th of

December was the forty-first day after the settlement and filing of the transcript on appeal and, of course, was not within the time prescribed by the rules of the supreme court. After receiving the printed transcript it was necessary to have the same certified and filed in the office of the county clerk of Santa Clara County and we are disposed to think, in view of the fact that between the eleventh day of December, 1925, and the fourteenth day of December, 1925, the date on which the transcript was filed, one and one-half days of the time were holidays, that the appellants did all that might be reasonably expected of them, to have the said transcript certified and filed in the office of the county clerk of Santa Clara County and thereafter in the office of the clerk of the supreme court of this state. The affidavits, with respect to the activities of the several parties between the afternoon of December 11th and the 14th of December, are quite contradictory in character, but on the whole we are disposed to think that the showing made by the appellants is sufficient and the motion to dismiss the appeal will now be denied.

We will now take up and consider the appeal on its merits.

Judgment in the trial court was in favor of the plaintiff and defendants appeal.

In this action the plaintiff sues to recover damages as the result of a collision between a motorcycle driven and operated by plaintiff and a truck owned by the defendant Raisch Improvement Company driven and operated by the defendant Walker. The accident occurred at the intersection of North Thirteenth and Jackson Streets in the city of San Jose. The plaintiff was driving south on North Thirteenth Street. It is the contention of the plaintiff that the collision occurred a few feet south of the medial line of Jackson Street and under the following circumstances: He testified that when he arrived at the property line of Jackson Street he looked to the left and right and that there were absolutely no machines or vehicles of any kind within the boundary lines of the four corners of the curb lines; that the intersection was entirely clear; that he probably saw the truck of the defendants but, if he did, it was south of the south curb line of Jackson Street; that he proceeded into the intersection at a speed of from eight to ten miles per hour; that after he crossed the medial line of Jackson Street he heard the whir of the engine of the truck and was immediately struck; that he did not see the truck

in the intersection until it was immediately upon him; that as he entered the intersection he observed the car on his right approaching on Jackson Street; that this car slowed down and he proceeded to cross the intersection. This statement of facts, in our judgment, is fully corroborated not only by relatives of plaintiff but by disinterested witnesses produced in his behalf.

It was the contention of the appellants that because of the inherent inconsistencies and contradictions of the testimony this evidence should have been disregarded and a nonsuit granted. In this behalf appellants enter into an elaborate analysis of the evidence covering some sixty-five pages of their brief. We do not feel disposed to follow the appellants in this exhaustive analysis of the evidence. They had an opportunity to fully discuss and present their views on this matter to the jury and to the trial court and having failed to convince either, they cannot expect this court to go over the same ground. After a careful reading of the entire record we are satisfied that there is no merit in this contention of the appellants and had the trial court granted a nonsuit its ruling would have been clearly erroneous.

■ The point more earnestly presented by the appellants is that it was the duty of the plaintiff after entering the intersection to have again looked in the direction of the approaching truck and his failure to do so constituted contributory negligence as a matter of law. Under the facts above set out, and they are the facts as found by the jury and approved by the trial court, this contention cannot be sustained. If the intersection was clear at the time the plaintiff entered, he had a right to assume that no car would enter the intersection from the south and collide with him south of the medial line of Jackson Street or in fact attempt to cross his line of traffic at any point in the intersection unless the crossing could be safely made. Ordinary prudence and common sense would dictate this if there were no law on the subject. We are inclined to believe that even had the plaintiff looked again in the direction of the truck, and observed the driver indicating an intention to turn into Jackson Street, he might still have assumed that the truck driver would not have cut in on his line of traffic unless he could do so with safety. (Motor Vehicle Act, sec. 129, Stats. 1923, p. 517.)

The conduct of the plaintiff in this action places him in a more favorable aspect than that of the plaintiff in the case of *Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786 [200 Pac. 615]. We quote: "In this case, according to the plaintiffs' evidence, the plaintiffs had passed beyond the center of the street-crossing without accident and were presumably out of the zone of danger from any vehicle approaching from the east. We do not think they can be held guilty of negligence as a matter of law under their version of the facts because they failed to keep further watch for defendant's truck. It is claimed that they did not keep a sufficient lookout while entering upon the street crossing and that they were driving beyond the prescribed speed limit, but obviously neither of these circumstances contributed to the accident, as the collision did not occur on the side of the street in defendant's line of travel, and the greater speed at which they made the crossing lessened the danger of their being overtaken by defendant's truck."

To the same effect is *Towne* v. *Godeau*, 70 Cal. App. 149 [232 Pac. 1010]. We quote: "It is now contended by appellants that the evidence conclusively shows that the plaintiff was guilty of contributory negligence. The jury, in returning a verdict for the plaintiff, and the court, in denying a motion for a new trial, impliedly found in favor of the plaintiff upon that issue. The burden of proof was on the defendant to show contributory negligence. To sustain such burden and to overcome the implied finding of the jury and of the trial court would require very clear proof. . . .

"While nearing and entering the intersection, ordinary care required plaintiff to look to the left for approaching vehicles. Having satisfied himself of the absence of danger from that direction, it was natural for him to look to the right for eastbound vehicles. He had the right to assume that no vehicle would approach him from the left beyond the medial line of the intersecting street. Of course, this does not mean that he had the right to proceed blindly, in reckless disregard of obvious danger, for it was his duty to exercise ordinary care, even though the negligence of another caused the danger. In this connection the court instructed the jury that the plaintiff 'had a right to assume that any person driving from the south on Eldorado Street and desiring to turn to the left or west on Poplar street would obey

the law and run beyond the center of the intersection of said streets passing to the right thereof, before making such turn.' Appellant contends that the effect of this instruction upon the minds of the jurors was 'that the plaintiff did not and was not required to see that which he could have seen with the exercise of ordinary care.' There is no merit in the contention.''

We quote the foregoing instruction because of its applicability to objections made by appellant in this case to an instruction given by the trial court. Appellant complains of the instructions of the trial court and in this connection makes objection to approximately every instruction given. At the oral argument counsel contented himself with calling the attention of the court to only two of the instructions complained of by him. One of these instructions as given by the court reads as follows:

''I further instruct you that it was the duty of the driver of the truck in question before turning such vehicle from Thirteenth street into Jackson street to first see that said movement could be made in safety, and if it could not be made in safety then it was his duty to stop until he could make such turn in safety.''

Appellants object to the use of the word ''stop'' in this connection. When considered in connection with the context this objection does not appear to warrant any argument whatever. Counsel states that there is nothing in the law making it the duty of the operator of a motor vehicle to ''stop.'' There is something in the law requiring him to ''wait'' and the difference in the meaning of the words—in the connection in which they are used is infinitesimal.

It certainly was Walker's duty before making this turn with his truck ''to see that it could be made in safety and if it could not be made in safety wait until it could be made in safety.'' Lexicographers define the word ''wait'': ''To rest patiently in expectation: Remain inactive or stay in one place in anticipation of an arrival or an event, or until the proper time comes for action.''—Webster. Among the definitions by the same author of the word ''stop'' we find: ''To bring from motion to rest: Arrest the course, progress, or movement.'' Applied to the facts of the instant case we are of the opinion that the trial court in using the word ''stop'' did not go beyond the clear import of the law as

laid down in the Motor Vehicle Act and that the appellants' objection thereto is without merit.

■ The next instruction which the appellant calls especially to the court's attention, as already above set out, was as follows:

"I instruct you that if the plaintiff here was at and immediately prior to the time of the accident in question riding his motorcycle across the intersection of Thirteenth and Jackson street in a lawful and proper manner and there was nothing in the situation then present to warn him as a reasonably prudent person of an impending danger, he might rely upon the presumption that others using the public highway should use reasonable care and prudence and would obey the traffic laws in their use of the highways, and he would not be guilty of contributory negligence under such circumstances in acting on such presumption."

This instruction is criticised as in effect stating to the jury that the plaintiff could close his eyes in crossing the intersection and could rely upon the presumption that defendants would use reasonable care and prudence and would obey the traffic laws. We think that this instruction is not susceptible in any respect to the objection made to it by the appellants and that the citation hereinbefore made in the case of *Towne* v. *Godeau, supra,* is applicable to the present situation.

In the case of *Simonsen* v. *L. J. Christopher Co., supra,* the supreme court says:

"As has been frequently said by this court and the district court of appeal, a person crossing a street in front of an approaching vehicle cannot close his eyes to threatening danger, relying upon the presumption that the other party will use reasonable care and prudence and obey the traffic laws, if there is nothing in the situation to warn him of impending danger, he is not guilty of negligence in relying upon such assumption. (*McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23]; *Commonwealth Bonding & C. Ins. Co.* v. *Pacific Elec. Ry. Co.*, 42 Cal. App. 573 [184 Pac. 29]; *Baker* v. *Western Auto Stage Co.*, 48 Cal. App. 283 [192 Pac. 73]; *Harris* v. *Johnson*, 174 Cal. 55 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155].)"

We have examined all of the instructions given on behalf of the respective parties by the trial court in this case and

are of the opinion that they fully and fairly instruct the jury upon the law applicable to the facts disclosed by the record.

Some contention is made that the damages awarded by the jury in this case are excessive. In view of the fact that it is disclosed by the record that this question was not argued in the trial court on the motion for a new trial, we do not feel disposed to enter upon a discussion of the same in this opinion. (*Williams* v. *A. R. G. Bus Co.*, 47 Cal. App. 568 [190 Pac. 1036].)

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 18, 1928.

All the Justices present concurred.