[Civ. No. 6827. First Appellate District, Division Two.—July 18, 1929.]

AUGUSTA KEYES, as Administratrix, etc., Respondent, v. J. B. HAWLEY, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Treadwell, Van Fleet & Laughlin for Respondent.

NOURSE, J.—This action was brought by Anne L. Dougan, now deceased, against the three defendants, Miller Automobile Company, Louis E. Bagwill and J. B. Hawley, to recover damages alleged to have been sustained in an automobile accident. The cause was tried with a jury; the action was dismissed in open court as to the Miller Automobile Company, and the jury returned a verdict in favor of the plaintiff and against the defendants Bagwill and Hawley in the sum of $10,000. The defendant Hawley alone appeals upon typewritten transcripts. Pending the appeal the plaintiff died and her administratrix has been substituted in her stead, but for the purpose of clarity we will continue to refer to the original plaintiff as the respondent herein.

At about 11 o'clock in the evening of February 27, 1926, in the city of Sacramento, the respondent was riding with appellant and the latter's wife as their guest in appellant's automobile. The three were seated together in the front seat, Mrs. Hawley riding in the center next to appellant and the respondent riding on the extreme right. The appellant operated a store, which was located on J Street, about 150 feet from its intersection with Thirty-first Street. He started from this place, going in a westerly direction to cross Thirty-first Street, beginning in low gear and changing into second and then third as he reached the intersection, traveling at no time faster than fifteen miles per hour. As he approached the intersection of J and Thirty-first Streets the defendant Bagwill was seen approaching in his car at a point just south of the intersection of Thirty-first and I Streets. The Bagwill car was traveling at a speed of twenty-five miles per hour or greater. As the appellant reached the easterly curb line of the intersection and proceeded to cross, the Bagwill car was about three car-lengths, or forty-five feet, northerly from the northerly intersection of the same streets. At this point appellant sounded his horn and proceeded to cross the intersection and when he reached the middle of the streets he again sounded his horn and speeded up to a rate of approximately twenty-five miles per hour. The Bagwill car continued on without slackening speed and without

swerving to the right or left, and as the front of appellant's car reached a point approximately at the westerly curb line of Thirty-first Street, it was struck by the front right fender of the Bagwill car upon the rear right fender and rear bumper. The impact turned appellant's car so that it faced north on Thirty-first Street abutting the northerly curb line of J Street, while the Bagwill car was stopped at a point near the middle of the intersection. As a result of the impact the respondent suffered an injury to her right arm which caused it to turn black and blue. None of the other parties in either car was injured and the cost of repair to appellant's car was about $11, while the cost of the repair to the Bagwill car was $27. It is the claim of respondent that, though the injury at the time of the accident was slight, complications resulted which brought about a more serious condition for which she sued and for which the jury rendered its verdict. On this appeal the appellant vigorously attacks the medical testimony which was offered to support this claim, but as we are satisfied from our examination of the record that the judgment must be reversed because of the want of negligence on the part of appellant, it is not necessary to consider this question.

As to the cause of the accident the evidence is all one way. The only theory upon which the respondent attempts to support her claim of negligence on the part of appellant is that the Bagwill car had the right of way under her interpretation of section 131 of the Motor Vehicle Act. (Stats. 1923, p. 517.) That the evidence does not support the verdict against this appellant seems too clear for argument. Section 131 of the Motor Vehicle Act (amended by Stats. 1925, p. 412, sec. 15), as it stood at the time of the collision, provided that "When two automobiles approach an intersection of public highways at *approximately the same time,* the vehicle approaching from the right shall have right of way, provided *such vehicle is traveling at a lawful speed."* (Emphasis added.) The evidence of the respondent is that the appellant approached the intersection at a speed of fifteen miles an hour (the lawful speed according to the statute); he sounded his horn and continued to cross at the same rate of speed until he reached the middle of the intersection when he increased his speed in order to avoid a collision with the

Bagwill car; that as they *entered* the intersection she noticed the Bagwill car approaching on the right about two or three car-lengths back of the intersection; that Bagwill was traveling faster and at about twenty or twenty-five miles per hour and did not slow up for the crossing, and that appellant's car was struck in the rear after it had crossed the middle of the intersection and at a time when the front of the car was almost even with the westerly curb line of Thirty-first Street. She testified that the Bagwill car did not change its course to the right or left, that the pavement was dry, both streets were well lighted, and both cars carried headlights, which were lighted at the time. The appellant testified to the same effect in all particulars, and added that he first witnessed the Bagwill car when he was approximately 100 feet from the intersection; that the Bagwill car had just then passed the intersection of Thirty-first and I Streets, and that he had a clear view because the block forming the northeast corner of the intersection of Thirty-first and J Streets was an open park. The appellant also added that when he was in the center of the intersection the Bagwill car was about fifty feet from the line of his car, or about twenty feet from the northerly line of the intersection, and that the Bagwill car was traveling at a rate of about twenty or twenty-five miles per hour. Mrs. Hawley testified to the facts stated in the testimony of the respondent except that she said that she did not hear the appellant sound his horn as they approached the intersection, but that she heard this signal for the first time when they were out in the middle of the street, that she then looked up and saw the Bagwill car approaching on the right and that the Bagwill car was then about two car-lengths from the northerly curb of J Street. Thus as between the respondent and the appellant there is not a shadow of conflict as to the circumstances preceding the collision. The testimony offered by them shows without a doubt that the appellant was not guilty of any negligence in the manner in which he operated the car at that time.

There is some conflict apparent in the testimony of the defendant Bagwill upon which the respondent relies. This witness testified that he first saw the appellant's car approaching when he, Bagwill, "got almost to the pedestrian line," that is, the sidewalk line on the northerly side of

the intersection; that the appellant was then approaching at a rate of about fifteen miles an hour and entered the intersection at about the same time that he did. He then testified that appellant was traveling at a rate of twenty-five miles per hour and struck his car, which was traveling at a rate of less than four miles an hour and practically standing still at the time of the collision. This witness was so completely discredited in his own cross-examination and by all the other witnesses to the accident, as well as by all the physical facts present, that it is impossible to give his testimony any weight in any particular which might be claimed to be in conflict with the other evidence. However, in analyzing the testimony of this witness there is no material conflict excepting in that portion of his testimony wherein he states that the appellant entered the intersection about the same time Bagwill did., Inasmuch as he had just testified that when he had reached the pedestrian crossing of the intersection he for the first time saw the appellant's car approaching, and as the admitted fact is Thirty-first Street was eighty feet in width and appellant's car was struck on the rear right fender when the nose of the car was opposite the westerly curb, it is patent that appellant not only approached but entered the intersection long before Bagwill did, and that when Bagwill was at the pedestrian line and first saw appellant's car the latter was far across the intersection line. Thus his statement that the two entered the intersection at about the same time was a mere guess unsupported by any physical facts, the most convincing fact dispelling his conjecture being that the right front fender of his car struck the right rear fender and rear bumper of appellant's car though Bagwill did not change his course.

Respondent also cites the testimony of Mrs. Hawley to the effect that when she heard her husband blow the horn the Bagwill car was about two lengths from the J Street intersection. From this respondent argues that as appellant blew the horn when he first came into the intersection it must appear that both cars approached the intersection at about the same time, but respondent fails to note that Mrs. Hawley testified that she did not hear her husband sound the horn at the intersection but that the first she did hear was when they were in the middle of the street,

Reliance is also placed upon the testimony of the respondent that when they reached the curb line of the intersection she saw the Bagwill car approaching about two or three car-lengths back from J Street. From this it is argued that both cars approached the intersection at approximately the same time. But this testimony merely goes to corroborate that of the appellant that he was the first to approach the intersection, and that he had actually entered it and was crossing before the Bagwill car had approached the corresponding line of the intersection on J Street. From the testimony outlined it is argued that both cars approached the intersection at *approximately* the same time and that under the provisions of the section of the Motor Vehicle Act the Bagwill car had the right of way. If this is true, of course respondent should not have taken her verdict and judgment against Bagwill, but all her evidence, by which she is bound on this appeal, is to the contrary. What appears to be a conflict in the evidence arises from the confusion of terms in the statute. Section 23 of the Motor Vehicle Act (Stats. 1923, p. 520) defines an intersection as ''the area embraced within the prolongation of the boundary or property lines of two or more public highways, etc.'' The respondent emphasized that when she was testifying as to the position of the appellant's car she was speaking of the *curb* line and not of the property line, that when appellant reached the *curb* line the Bagwill car was two or three car-lengths from the intersection—the northerly property line of J Street. Hence, the appellant's car was *within* the intersection, as the term is used in the statute, before the Bagwill car approached it. In the light of this evidence the respondent misconstrues the plain meaning of the section of the act. It was the evident purpose of the framers of the act to provide that, when two automobiles approach an intersection at approximately the same time so that one must stop in order to let another pass the intersection, then if the one approaching on the right is proceeding at a lawful rate of speed, he shall have the right of way, but when the car approaching from the left *has entered* the intersection and is proceeding across it when the other approaches from the right it is manifest that the former has the right of way so long as he proceeds at a lawful rate

of speed. A similar case arose in *Jackson* v. *Brown,* 106 Conn. 143 [137 Atl. 725, 726], where the plaintiff arrived at the intersection approaching on the left and the defendant approaching on the right was nearly fifty feet from the line of the intersection. The plaintiff's car entered the intersection and had proceeded some distance through it when the defendant's car entered it and the collision occurred. The Connecticut court held that the plaintiff had the right to assume that the defendant would accord him the right of way and that he would have his car under such control that the plaintiff while in the exercise of reasonable care could proceed through the intersection without danger of the defendant's car colliding with him. To the same effect is *Keller* v. *Waddington,* 142 Wash. 474 [253 Pac. 646], and *Weber* v. *Greenebaum,* 270 Pa. St. 382 [113 Atl. 413]. In the latter case the Pennsylvania court, in defining the expression ''approach an intersection,'' said: ''It must be assumed that the framers of the statute and the legislature used the word 'approach' in a practical sense; for two vehicles to 'approach' an intersection 'at the same time,' they each, when about to arrive, must be approximately a like distance away from the given point; or this situation must exist at least to such an extent that one using reasonable judgment might anticipate their simultaneous arrival, otherwise they would not, in the words of the act 'approach the intersection . . . at the same time.' ''

The position of respondent in support of the verdict against this appellant is that though the Bagwill machine was from two to three car-lengths back of the intersecting line of the streets when the appellant's machine was at the corresponding curb line of the intersection the two machines nevertheless approached the intersection at approximately the same time within the meaning of the vehicle act. To so hold would render the whole purpose of the section meaningless. If a point two or three car-lengths from an intersecting line is approximately the same as the intersecting line then why not five or six or more car-lengths? The plain meaning of the section is as stated by the Pennsylvania court that to put it into operation the two cars must be approximately a like distance away from the given point at the same time. But

when one car has actually entered an intersection before the other approaches it the driver of the first car may assume that he will be given the right of way and permitted to pass through the intersection without danger of collision. He has the right to assume that the driver of the other car will obey the law, slow down and yield the right of way if slowing down is necessary to prevent a collision. (*Harris* v. *Johnson,* 174 Cal. 55, 58 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Wixon* v. *Raisch Improvement Co.,* 91 Cal. App. 129 [266 Pac. 964].)

As we read the evidence the appellant approached the intersection at a lawful speed; he reached and passed the intersection when the other car was two or three car-lengths away; he proceeded through the intersection still within the lawful rate and did nothing in the operation of the car which was contrary to any provision of law or contrary to what an ordinarily prudent person would have done under the same circumstances.

Because of the want of any proof of negligence on the part of the appellant the judgment as to him must be reversed on that ground, and this makes it unnecessary to consider the other points raised.

Judgment reversed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 17, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1929.

All the Justices present concurred.