[Civ. No. 3878. Fourth Dist. Nov. 28, 1949.]

J. D. JEANES, Appellant, v. HENRY A. HOLTZ et al., Respondents.

Meyer & Dreizen, N. D. Meyer and Samuel Dreizen for Appellant.

Mize, Kroese, Larsh & Mize for Respondents.

GRIFFIN, J.—Plaintiff's second amended complaint alleges that defendants Jack Patton and Bob Johnson were partners engaged in the business of crop dusting by airplane; that as agents and servants they dusted the crops belonging to the defendants Holtz, and while doing so they acted negligently and carelessly; that plaintiff owned 126 stands of bees located on the Fairview Farms, about three-fourths of a mile distant from defendants' property and owned 130 stands of bees located about three-fourths of a mile in another direction, from the defendant Holtz's property. The allegation is that a certain chemical powder known as "Cryolite 70" was used and was poisonous to bees; that it was used for the purpose of killing pests, insects, etc. on peppers grown on the Holtz property; that while thus engaged, Patton and Johnson negligently and carelessly deposited said Cryolite 70 upon said pepper fields and caused and permitted said Cryolite dust powder to float in the air about the field and upon and about surrounding properties and adjacent alfalfa fields and other growth in bloom so as to pollute the air and cause death and destruction to plaintiff's bees; that defendants failed to give proper notice under section 596 of the Penal Code that poison would be exposed on the premises, and to give further notice as required by section 1(C) of the Rules and Regulations of the Director of Agriculture, issued July 10, 1944, pursuant to section 150 of the Agricultural Code of this state. It is then alleged that plaintiff's bees, while gathering pollen and traveling back and forth from the fields to the hives, became contaminated with the Cryolite and poisoned the bees in the hives; that defendants should have known that plaintiff's bees were feeding on the fields of defendants and that Cryolite 70 was poisonous to them; that defendants "acted maliciously and were guilty of willful, negligent . . . careless and wrongful failure to give" to plaintiff the notice required.

Plaintiff claims he suffered damage in the sum of $3,686 compensatory damages and $3,000 exemplary damages. A demurrer was sustained to the second amended complaint without leave to further amend. Judgment in favor of defendants was entered and this appeal followed.

██ Section 596 of the Penal Code provides that "Every person who . . . wilfully administers poison to any animal, the property of another, or exposes any poisonous substance, *with the intent that* the same shall be taken or swallowed by any such animal, is guilty of a misdemeanor." (Italics added.) Then follows "Rules governing poisoning of *predatory* ani-

mals,'' and provides that ''this section shall not apply in the case of a person who exposes poisonous substances upon premises or property owned or controlled by him for the purpose of controlling or destroying predatory animals or livestock-killing dogs and if, prior to or during the placing out of such poisonous substances, he shall have posted upon the property conspicuous signs located at intervals of distance not greater than one-third of a mile apart,'' indicating that poisonous bait is placed out on the premises. It further provides that ''Whenever such signs have been conspicuously located upon the property . . . such person shall not be charged with any civil liability to another party in the event that any *domestic animal* belonging to such party becomes injured or killed by trespassing or partaking of the poisonous substance or substances so placed.''

It is clear that this section has no application to the unintentional poisoning of bees on one's own premises. Bees are not classified as predatory animals under section 1230 of the Fish and Game Code. Notices are not required to be posted under circumstances such as here related and there is no allegation that defendants dusted their fields with the intent that plaintiff's bees should become poisoned as a result thereof.

Section 1(C) of the Rules and Regulations of the Director of Agriculture, *supra,* is directed only ''to persons *engaging in the business of eradicating . . . pests for hire''* and who, when using materials known to be lethal to bees, must ''exercise every precaution to protect all property from damage.'' It then provides that such persons ''shall confine the material applied *substantially* to the premises of intended application so as not to cause loss of bees . . . *on adjacent premises''*; that when using such materials such persons ''shall notify the Agricultural Commissioner'' of such intent, 48 hours in advance, who shall keep a record of and ''make said information available to interested persons applying at his office.'' There is no allegation that Patton and Johnson were not licensed operators under the act.

It is plaintiff's argument that a violation of this regulation by failing to notify the Agricultural Commissioner of such intent was negligence *per se,* citing 19 Cal.Jur. § 71, p. 640; and *Harris* v. *Johnson,* 174 Cal. 55, 58 [161 P. 1155, Ann.Cas. 1918E 560, L.R.A. 1917C 477].

The allegation is that defendants Patton and Johnson were the only defendants who were engaged in the business indicated. Whether plaintiff applied to the office of the Agricul-

tural Commissioner as an "interested person" and failed to obtain the information required to be given is not alleged. There is no allegation that the failure to give the notice above indicated by the person engaged in such business was a violation of such regulation and was a *proximate cause* of the damage claimed, i. e., an allegation that the act or omission contributed directly to the injury, for if it did not, it matters not how improper or illegal the act may have been in the abstract. (19 Cal.Jur. § 67, p. 636; 19 Cal.Jur. § 71, p. 640.)

In Sedgwick on Damages, ninth edition, volume 1, page 200, the rule is stated thus: ". . . First, to be proximate and entail legal responsibility, a cause must be one but for which the result would not have happened. Second, not only must this test be satisfied, but also this cause must be active enough in the result for it to be regarded in the law as efficient in responsibility." (See, also, *Johnson* v. *Union Furniture Co.,* 31 Cal.App.2d 234 [87 P.2d 917].) It should be further here noted that the regulation itself only requires that the material be applied *substantially* to the premises of intended application.

The case of *Miles* v. *A. Arena & Co.,* 23 Cal.App.2d 680 [73 P.2d 1260], relied upon by plaintiff, is factually distinguishable. There the plaintiff had his bees on rented property about one-half mile from the property being dusted. The trial court found that the poisonous dust floated from the melon field of defendant to the *apiary and into the hives* and killed all the bees, and not that the damage was caused by the bees going in search of honey to blossoms on the field being dusted. It is not alleged in the complaint that the properties on which plaintiff's apiaries are located are contiguous or *adjacent to* the premises owned or operated by the defendant Holtz. In fact the legal description alleged indicates that there is other intervening property between that of defendants and the property described by plaintiff as the place where his apiaries were located, and the allegations are that on the intervening adjacent property were alfalfa fields (apparently owned by others) on the blossoms of which plaintiff's bees fed and gathered honey and pollen. It is not alleged that any injury was done to any hive or hives of bees by dust floating "to the apiary and into the hives" as in *Miles* v. *A. Arena & Co.,* *supra*. Unfortunately, the bees were oblivious to the respective property lines. Their usual custom of examining each blossom to see if it would give forth the usual honey content would probably have been unaffected by the failure of defendants to

give a notice to the office of the Agricultural Commissioner that the lethal poisons were about to intercept their daily custom and habits and destroy them, together with other animal life such as insects and parasites located on or adjacent to defendants' property.

In *Lundberg* v. *Bolon,* 67 Ariz. 259 [194 P.2d 454], as modified on rehearing, the Supreme Court of Arizona held the defendant, who was dusting his crop and permitted the dust to settle around or upon plaintiff's apiary *across the road,* was liable for the damage resulting, but indicated, by way of dicta, as in the Miles case, that no liability would exist if the bees died as a result of contact with the poison when they were operating beyond the confines of their owner's property. In the Lundberg case the court instructed the jury that if the bees were trespassers the plaintiff could not recover. In plaintiff's complaint nowhere is it alleged that the dust settled upon the hives or upon the property of the plaintiff, but only that the bees came in contact with the dust while on defendants' property and property of others than plaintiff immediately adjacent thereto. This is not a sufficient basis upon which to predicate liability on the part of the defendants.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.