[L. A. No. 12495. In Bank.—October 24, 1930.]

JAMES E. SKAGGS, Respondent, v. WALTER WILL-HOUR, Appellant.

Culver & Nourse and Paul Nourse for Appellant.

Victor A. Dunn and Siemon & Garber for Respondent.

THE COURT.—This is an action for damages for personal injuries sustained by the plaintiff when the automobile he was driving collided with the rear end of the defendant's truck and trailer which were headed in the same direction as the plaintiff's car. The answer interposed the plea of contributory negligence. The jury found negligence on the part of the defendant and against the plea of contributory negligence. The defendant appeals from a judgment on the verdict in favor of the plaintiff.

Two major points are urged for reversal: First, that the evidence fails to establish the negligence of the defendant; and, secondly, that the evidence establishes the negligence of the plaintiff as matter of law.

As to the defendant's alleged negligence the evidence was substantially in conflict. The accident occurred about 2 A. M. on November 29, 1926. At that time the plaintiff was driving his automobile in a northerly direction

on the Ridge Road toward Bakersfield. According to the evidence favorable to the plaintiff the defendant's truck and trailer were parked entirely on the paved portion of the highway. Directly opposite the defendant's truck and trailer and on the other side of the highway, facing southerly, stood another parked truck, the property of a third person. The headlights on this second truck were shining brightly and blinded the plaintiff for a distance of about 150 feet behind the defendant's trailer. The plaintiff was traveling at a speed of about twenty-five miles per hour when his car entered the blinding rays of light from the second truck and he slowed his speed down to fifteen miles per hour, at which rate he was traveling when he first saw the defendant's trailer. He then swerved to the left and applied his brakes to the utmost of their capacity. He was within about four feet of coming to a dead stop when he ran into the pipes extending from the rear end of the defendant's trailer. The defendant's negligence is clearly shown, and under the facts appearing in the record, a brief outline of which is given above, we are of the opinion that it was a question of fact for the jury whether the plaintiff did everything that a reasonable man would have done under like circumstances to safeguard the life and property of others and to avoid injury to himself.

The case of *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 83 [41 A. L. R. 1027, 239 Pac. 709, 716], is not controlling. There the court on appeal concluded that the plaintiff's intestate was entirely free from negligence; that the defendant's employee was guilty of negligence, and that the findings of the trial court to the contrary were unsupported by the evidence. It was there said that after the glare of the approaching headlights first obscured his vision the defendant's employee proceeded on with a degree of recklessness and indifference "closely approaching, if, indeed, not amounting, under the circumstances, as revealed by his own testimony, to gross negligence." We cannot so characterize the conduct of the plaintiff herein, nor, under the evidence, hold him guilty of contributory negligence as a matter of law. No other points require discussion.

The judgment is affirmed.

Rehearing denied.