[Civ. No. 7460. First Appellate District, Division One.—January 19, 1931.]

CLAUDE F. COUCHMAN, Respondent, v. NETTIE K. SNELLING, Appellant.

L. R. Weinmann and James R. Agee for Appellant.

Philip M. Carey, W. I. Follett and Marvin B. Sherwin for Respondent.

TYLER, J.—Action for damages for personal injuries sustained by plaintiff in a collision between two automobiles. The accident occurred on September 15, 1929, between 11 and 12 o'clock in the morning, at the intersection of Genoa and Aileen Streets in the city of Oakland. Genoa Street runs approximately north and south and Aileen Street approximately east and west, crossing each other at right angles. Plaintiff was driving west on Aileen Street and defendant was driving south on Genoa Street. The northeast corner of the intersection was occupied by an apartment house, and the view of plaintiff and defendant as to each other was admittedly obstructed within the meaning of section 113 of the California Vehicle Act. The complaint charged the defendant with the usual general allegation of negligence. The answer denied the alleged negligence and further pleaded contributory negligence on the part of plaintiff. The cause was tried by the court with the aid of a jury. A verdict was returned in plaintiff's favor in the sum of $5,000 and judgment was rendered accordingly. Motion for a new trial was made and denied.

This is an appeal from the judgment and order. Appellant urges several contentions for a reversal. He claims that plaintiff was guilty of contributory negligence as a matter of law; that the trial court erred in the admission of evidence and committed prejudicial error by making certain remarks in the presence of the jury; that counsel for plaintiff was likewise guilty of prejudicial error by repeatedly attempting to place before the jury the fact that defendant was driving without an operator's license. It appeared in

evidence that plaintiff at the time of the accident was traveling at a speed estimated at fifteen miles an hour. According to his testimony, when he was about twenty feet distant from the intersection of the streets, he observed defendant's car approaching said intersection some seventy-five feet away proceeding at a speed of twenty-five miles an hour. Believing he had time to pass the intersection without danger of a collision, he proceeded across the same without again directly looking at defendant's automobile except that he kept it in his side vision; that beyond this he did nothing to avoid a collision. When approximately three-quarters of the way across the intersection, his car was struck on the right rear wheel and overturned by defendant's automobile. Other evidence was to the effect that defendant had applied her brakes and there was testimony to show that she had stated that she had on high-heeled shoes and would never wear them again because she knew her foot had slipped off the brake. Further recital of the evidence is unnecessary, as we are of the opinion that it sufficiently appears from what we have said that plaintiff was not guilty of contributory negligence as a matter of law, but the question was one of fact to be determined by the jury.

The circumstances under which a court can declare that certain acts constitute contributory negligence as a matter of law are rare. (*Swartz* v. *Acme Express & Drayage Co.*, 102 Cal. App. 615 [283 Pac. 358].) It can seldom happen that the question is so clear from doubt that the court can undertake to say as a matter of law that the jury could not fairly and honestly find for the plaintiff. (*Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 447, 453.) The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].) Contributory negligence being an affirmative defense, the burden of proving it is on the defendant. It is necessary, therefore, for him to show that the acts of plaintiff failed to meet some standard of prudence in order to take the issue from the jury as a question of law alone.

Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of

way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley,* 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard,* 179 Cal. 349 [176 Pac. 679].) ▉ Whether or not, therefore, plaintiff after observing the approach of defendant's car, its position, and the rate of speed it was traveling and keeping the same within his side vision, was justified in proceeding upon his rightful way across the intersection in advance of defendant presents a question upon which reasonable minds might differ and was therefore one for the jury to determine. (*Johnson* v. *Southern Pac. R. Co.,* 154 Cal. 285, 295 [97 Pac. 520] ; *Kienlen* v. *Holt,* 106 Cal. App. 135 [288 Pac. 866] ; *Palmer* v. *Schultz,* 107 Cal. App. 94 [290 Pac. 79].)

▉ Appellant next complains of the action of the trial court in permitting in evidence a report of the accident made to the police department by defendant in violation of the provisions of section 142(a) of the California Vehicle Act. That section provides: "The driver of any vehicle involved in any accident resulting in injuries or death to any person, shall within twenty-four hours forward a report of such accident to the division, except that when such accident occurs within an incorporated city such report shall be made within twenty-four hours to the police department of such city. . . . Such report shall be without prejudice, shall be for the information of the division and the fact that such reports have been so made shall be admissible in evidence solely to prove a compliance with this section, but no such report or any part thereof shall be admissible in evidence for any other purpose in any trial, civil or criminal, arising out of such action."

During the trial the police officer to whom defendant made her report was called by plaintiff as a witness. He testified over objection that defendant reported that she met with the accident above referred to and that plaintiff was injured; that she took him to a hospital and left him there for treatment. He further testified that she had stated she was a

student driver and had no operator's card. This in substance was the entire testimony given by the witness.

Respondent, in answer to the contention that the admission of this evidence constituted error, claims that the statute barring such evidence is invalid as being violative of section 24, article IV, of the California Constitution, because the subject embraced in said section is not expressed in its title. He further claims that even if the attempt to alter rules of evidence under the provisions of the Motor Vehicle Act be considered valid, no prejudicial error was committed in the admission of the evidence, for the reason that it was subsequently stricken from the record by the order of the court, and the jury was instructed to disregard it and not to give any consideration or weight whatever to it. We are of a like opinion. Considering the nature of the evidence, the error, if any, was cured by the act of the court and it affords no valid ground for reversing the judgment. It simply contained evidence of the fact that an accident had occurred and that defendant was a student driver operating without a license. The fact that she was inexperienced and had no license appeared elsewhere in evidence.

█ Appellant next complains of the action of the attorney for plaintiff and the court in making certain reference to the absence of defendant at the commencement of the trial. Defendant subsequently appeared and testified, so that any impression her absence might have had upon the jury, that she was hiding to avoid testifying, was dispelled. Moreover, the court instructed the jury that there was no legal duty on the part of the defendant to voluntarily appear in court and present herself, nor was there any legal obligation on her attorney to produce her in court at the trial of the case. Under these circumstances the error, if any, was harmless.

From what we have said it follows that the judgment and order should be and they are hereby affirmed.

Knight, J., and Cashin, J., concurred.