[L. A. No. 13068. In Bank.—September 21, 1931.]

E. C. PAGE et al., Respondents, v. R. MAZZEI, Appellant.

Chester O. Hansen, Christian Hoeppner and Wakefield & Hansen for Appellant.

N. Lindsay South for Respondents.

WASTE, C. J.—Under proper instructions, and on ample evidence to support its verdict, the jury awarded the plaintiffs substantial damages for injuries sustained by Mrs. Page when the automobile of defendant crashed into the automobile of plaintiffs, at the intersection of two roads. The case, in all material respects, is so similar to the case of *Couchman* v. *Snelling*, 111 Cal. App. 192 [295 Pac. 845, 847], recently decided, that we approve and adopt the language of Mr. Presiding Justice Tyler in the opinion handed down in that cause, viz.: "Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley*, 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679].) Whether or not, therefore, plaintiff after observing the approach of defendant's car, its position, and the rate of speed it was traveling and keeping the same within his side vision, was justified in proceeding upon his rightful way across the intersection in advance of defendant presents a question upon which reasonable minds

might differ and was therefore one for the jury to determine (citing cases).''

The judgment and order denying a new trial are affirmed.

Curtis, J., Preston, J., Langdon, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.