[Civ. No. 503. Fourth Appellate District.—November 13, 1931.]

FRED MOREHEAD et al., Respondents, v. ELON R. ROEHM et al., Appellants.

Forgy, Reinhaus & Forgy for Appellants.

Chas. D. Swanner for Respondents.

MARKS, J.—Respondents are husband and wife, as are appellants. At about 6 o'clock on the afternoon of May 21, 1930, Freda Morehead was injured in a collision between an automobile which she was driving and one being driven by Sadie A. Roehm, at the intersection of Newport Road and East First Street, public roads in Orange County. Newport Road runs in a northeasterly and southwesterly direction and is intersected from the west by First Street at an angle of about forty-five degrees. First Street terminates in Newport Road. At the time of the accident there was a boulevard stop sign on East First Street just west of Newport Road.

Freda Morehead, driving easterly on First Street, brought her car to a full stop at the boulevard stop sign and entered Newport Road, making a left turn. When she had proceeded between seventy-five and a hundred feet beyond the stop sign, the right front wheel of her automobile was struck by the right front wheel of the car driven by Mrs. Roehm. The collision occurred on the easterly half of Newport Road which was the left half of the road from the southwesterly direction in which Mrs. Roehm was traveling.

The evidence in this case is not conflicting. Appellants were satisfied with the account of the accident as given by respondents and their witnesses and rested their case without introducing evidence. The trial court made findings of fact and conclusions of law from which it appears that the negligence of Mrs. Roehm was the proximate cause of the accident without any contributory negligence on the part of respondents.

From the judgment rendered in favor of respondents, appellants prosecute this appeal. They contend that the evidence shows that Mrs. Morehead was guilty of contributory negligence as a matter of law, for the following reasons: First, that she did not make any arm signal signifying her intention to make a left turn before proceeding into the intersection and turning to her left; and, second, that she did not look to her left for approaching vehicles before entering and while proceeding into and across the intersection, or that if she did look, it was with unseeing eyes which was equivalent to not looking at all.

Mrs. Morehead made no arm signal before entering the intersection as required by the provisions of the California Vehicle Act (Stats. 1923, p. 558, sec. 130; Stats. 1925, p. 412, sec. 15a). Whether or not her failure so to do contributed in any way to the subsequent accident and her injury was a question of fact to be determined by the trial court. It having resolved this question against the appellants, its finding is binding upon us and cannot be disturbed.

In the case of *Skaggs* v. *Wiley*, 108 Cal. App. 429 [292 Pac. 132, 133], it was said: "It is clear from the physical conditions shown by the evidence that plaintiff's view of the traffic along Soledad street during the last 100 feet of his approach to the intersection was not clear and uninterrupted for a distance of 200 feet either north or south of the intersection. Where the view is thus obstructed, a failure to observe the statutory requirements as to speed will, if the same proximately causes or contributes to the injury complained of, constitute negligence as a matter of law, the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury (*Mathes* v. *Aggeler & Musser etc. Co.*, 179 Cal. 697 [178 Pac. 713]; *Dewhirst* v. *Leopold*, 194 Cal. 424 [229 Pac. 30]; *Williams*

v. *Southern Pac. Co.*, 173 Cal. 525 [160 Pac. 660]; *Thomas*
v. *German etc. Society*, 168 Cal. 183 [141 Pac. 1186]), and
when the evidence is conflicting, or any reasonable man
might differ as to the inferences which ought to be drawn
from the evidence, this question is one for the jury (*Smith*
v. *Occidental etc. Steamship Co.*, 99 Cal. 462 [34 Pac. 84]).
. . . Granting that the speed of the plaintiff's automobile
was 3 miles per hour in excess of that permitted by the
statute, it does not follow with certainty that this proxi-
mately contributed to his injury.''

In the instant case the trial court was justified in
concluding that Mrs. Morehead entered the intersection first
and at a lawful rate of speed while Mrs. Roehm was ap-
proaching it from her left. Under recent decisions of the
Supreme Court we are compelled to hold that the failure
of Mrs. Morehead to see the Roehm car approaching from
her left was not contributory negligence as a matter of
law.

The facts of the instant case bearing upon the failure of
Mrs. Morehead to see the Roehm car until just before the
collision are somewhat similar to those of the case of
*Page* v. *Mazzei*, 213 Cal. 644 [3 Pac. (2d) 11, 12]. In the
Page case the accident happened in the intersection of Clovis
Avenue, a street running north and south, and Belmont
Avenue, a street running east and west. Page and his wife
were traveling west on Belmont Avenue and Mazzei south
on Clovis Avenue. Mazzei approached the intersection from
the right of Mr. and Mrs. Page. Page testified that he
looked in both directions before entering the intersection;
that he saw an automobile on Clovis Avenue approaching
the intersection from the south at a distance of 300 feet or
more; that he did not see the Mazzei car until just before
the collision; that the Page car had proceeded across the
center of the intersection where it was struck by the Mazzei
car; that the Page car was traveling at no more than eight
miles per hour in entering and crossing the intersection.
Mazzei and his wife testified that they also looked· but
did not see the Page car until just before the collision and
that they entered the intersection at no more than fifteen
miles per hour. Under this state of facts the Supreme
Court held: ''Under proper instructions, and on ample evi-
dence to support its verdict, the jury awarded the plaintiffs

substantial damages for injuries sustained by Mrs. Page when the automobile of defendant crashed into the automobile of plaintiffs at the intersection of two roads. The case in all material respects is so similar to the case of *Couchman* v. *Smelling*, 111 Cal. App. 192 [295 Pac. 845, 847], recently decided, that we approve and adopt the language of Mr. Presiding Justice Tyler in the opinion handed down in that case, viz.: 'Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley*, 100 Cal. App. 53, 60 [279 Pac. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679].)' ''

The case of *Skaggs* v. *Willhour*, 210 Cal. 524 [292 Pac. 649], has an important bearing upon the legal question of the negligence or contributory negligence of a plaintiff who looks but does not see danger which he is approaching. In this case the plaintiff, Skaggs, was traveling north on the state highway across the Tejon Pass in Kern County. In front of him were two trucks, one traveling south and the other traveling north. The trucks met more than 150 feet ahead of Skaggs. When Skaggs approached within about that distance from the trucks he was completely blinded by the headlights of the one southbound. In his testimony he described the effect of the lights as follows: "As I approached the trucks, the headlights of this truck facing me were very bright—I could not see the highway for the rays of light. . . . It was impossible for me to see anyone within the rays of the headlight. . . . After I came within the rays of the light facing me I was continually in the rays of the light until I passed the rays, and I hit the rear end of the trailer." . . . Q. "Prior to that time could you see any tail-lights or any lights of that kind?" A. "You could not see anything past the rays of these lights." Q. "Couldn't you even see the road there?"

A. "I could not see the highway there." Skaggs further testified that he did not see the rear of the northbound truck until he was within about fifteen feet from it and too late to avoid a collision. The appellant contended that this evidence established contributory negligence on the part of Skaggs as a matter of law. The Supreme Court held: "According to the evidence favorable to plaintiff the defendant's truck and trails were parked entirely on the paved portion of the highway. Directly opposite the defendant's truck and trailer on the other side of the highway, facing southerly, stood another parked truck, the property of a third person. The headlights on this second truck were shining brightly and blinded the plaintiff for a distance of about 150 feet behind the defendant's trailer. The plaintiff was traveling at a speed of about twenty-five miles per hour when his car entered the blinding rays of light from the second truck and he slowed his speed down to fifteen miles per hour, at which rate he was traveling when he first saw the defendant's trailer. He then swerved to the left and applied his brakes to the utmost of their capacity. He was within about four feet of coming to a dead stop when he ran into the pipes extending from the rear end of the defendant's trailer. The defendant's negligence is clearly shown, and under the facts appearing in the record, a brief outline of which is given above, we are of the opinion that it was a question of fact for the jury whether the plaintiff did everything that a reasonable man would have done under like circumstances to safeguard the life and property of others and to avoid injury to himself."

Under the authorities cited, we are of the opinion that the question of the contributory negligence of Mrs. Morehead was a question of fact to be decided by the trial court. This being the case, its findings and judgment cannot be disturbed here.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.