[Civ. No. 9304. First Appellate District, Division Two.—May 10, 1934.]

STANLEY H. BRIGGS, Respondent, v. A. S. KOYER, Appellant.

John T. Gose and Leo F. Falder for Appellant.

Rosecrans & Emme for Respondent.

Laurence B. Martin, as *Amicus Curiae* on Behalf of Appellant.

STURTEVANT, J.—This is an action to recover damages for injuries suffered in an automobile collision. The trial

court made findings in favor of the plaintiff and from the judgment entered thereon the defendant Koyer has appealed.

Third Street in Los Angeles runs east and west. Gramercy Place runs north and south and intersects Third Street at right angles. On the east side of Gramercy, Third Street has considerable grade up toward St. Andrews. The southeast corner of Gramercy and Third consists of elevated ground on which the trees and buildings are so located that the view of the drivers of vehicles is decidedly limited looking from one street into the other.

At about 5 o'clock in the afternoon on Saturday, the eighteenth day of May, 1929, the plaintiff was driving northerly along Gramercy Place. He so continued until he was near Third Street. He had been traveling fifteen to twenty miles an hour. When he had approached to within five feet of the southerly line of Third Street, looking across the corner, he saw the defendant's car, a Marmon sedan. He then slowed down not quite to a stop. At that time the defendant's car was two hundred feet east of Gramercy Place. The plaintiff estimated that he had time to get across the intersection and he started. When the front wheels of his car were about five feet south of the north boundary of west Third Street the impact occurred. After he entered the intersection he did not apply his brakes but drove forward. When plaintiff saw the defendant's car it was at the top of the incline and two hundred feet east of the intersection. The plaintiff did not again observe the defendant's car until the time of the crash. At the time he noticed the defendant's car the witness could not state whether it was going fifty miles or twenty miles. His final statement in that regard was that he estimated it was going between thirty and fifty miles an hour. After the plaintiff estimated that he had plenty of time to cross the intersection he then disregarded the defendant's car. At the time he estimated the defendant's speed the plaintiff did not know a collision was imminent.

The defendant states that the doctrine of comparative negligence is not recognized in California in a case of this nature and if the negligence of the plaintiff directly contributed to the injury he is barred from recovery. Both propositions will be conceded for all of the purposes of this case. The defendant next asserts that when the plaintiff

saw the defendant's car two hundred feet away, coming down hill at a rate of speed the closest estimate of which he could make was from thirty to fifty miles per hour, and plaintiff crossed to the other side of the street without taking another look in the direction from which danger was to be anticipated, that under those circumstances plaintiff was guilty of negligence that continued down to the time of the accident and directly contributed to the injury. In other words, the defendant claims that the plaintiff was guilty of contributory negligence as a matter of law. His last point is closely allied to the one just stated. He asserts that where one voluntarily fails to do that which the law commands him, he is guilty of contributory negligence as a matter of law and a judgment in his favor cannot stand. We think the vice in the defendant's contention rests in the assumption that the rules of law on which he relies are applicable to the facts of this case. The provisions of the California Vehicle Act, as they were worded at the time this accident occurred, are set forth in Deering's Consolidated Supplement, 1925–1927, page 1509. Section 113 provides: ''Restrictions as to speed. . . . Subdivision (b) . . . 2. Fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last hundred feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection from a distance of two hundred feet from such intersection.'' Section 131 provides as follows: ''Right of way. (a) When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed. . . . '' From what we have said in the statement of facts it is clear the plaintiff had the right of way. It is also clear that at the same time the plaintiff was obeying the law in every respect. As the defendant approached the intersection described above it became his duty to slow down and not to traverse the intersection at a speed in excess of fifteen miles per hour. ''The evidence showing that the plaintiff's vehicle was being operated at a lawful speed and on the right side of the street a recovery is sustainable on a showing that,

. . . being on the left, his car entered the intersection of the ways of travel in advance of the defendant's vehicle. The plaintiff is said under these conditions to have the right of way." (Cal. Jur., 1928 Supp., pp. 157, 158.) Before the plaintiff started to enter the intersection he looked up the hill and saw the defendant approaching. Thereafter he proceeded to cross the intersection. The defendant complains because the plaintiff did not constantly keep the defendant within his vision. He was not bound to do so.

In *Crabbe* v. *Rhoades*, 101 Cal. App. 503, at page 519 [282 Pac. 10, 16], the court quoted with approval as follows: "One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty upon the part of another." That rule is peculiarly applicable to vehicles crossing each other's path in intersections. (*Robinson* v. *Clemons*, 46 Cal. App. 661 [190 Pac. 203]; *Carbaugh* v. *White Bus Line*, 51 Cal. App. 1 [195 Pac. 1066]; *Swartz* v. *Feddershon*, 92 Cal. App. 285 [268 Pac. 430]; *Olsen* v. *J. J. Jacobs Motor Co.*, 99 Cal. App. 423 [278 Pac. 1051]; *Keyes* v. *Hawley*, 100 Cal. App. 53 [279 Pac. 1066]; *Kienlen* v. *Holt*, 106 Cal. App. 135 [288 Pac. 866]; *Jacobsen* v. *Vaughn*, 131 Cal. App. 277 [21 Pac. (2d) 141].) Similar facts were involved in *Page* v. *Mazzei*, 65 Cal. App. Dec. 520 [299 Pac. 119]. After decision by the District Court of Appeal that case was transferred to the Supreme Court and its decision in the same litigation is reported in *Page* v. *Mazzei*, 213 Cal. 644 [3 Pac. (2d) 11]. Each of the foregoing cases is to the effect that the question as to the negligence of the plaintiff under the facts stated by us is one of fact and that the determination by the trier of the facts is conclusive on appeal.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1934.