[Civ. No. 10653.   First Appellate District, Division One.—February 9, 1939.]

FRANK AVALOS, Respondent, v. STANLEY GRIMALE, Appellant.

Benjamin F. Curtaz and Carroll B. Crawford for Appellant.

William M. Malone and Raymond L. Sullivan for Respondent.

TYLER, P. J.—This is an appeal by defendant from a judgment for plaintiff in the sum of $5,000 for personal injuries and property damage caused by the collision of two automobiles. From the judgment on the verdict defendant has taken this appeal, contending that plaintiff was guilty of contributory negligence as a matter of law.

There was evidence to show that the collision occurred at the intersection of Sixteenth and Valencia Streets in the city and county of San Francisco, which intersection is an obstructed highway within the meaning of the California Vehicle Act. There were no arterial stop signs on any corner and no automatic traffic signals in operation at the time. The plaintiff was operating his Ford coach automobile in a general easterly direction along Sixteenth Street. Proceeding at a speed of about twenty miles an hour throughout most of the block between Guerrero and Valencia Streets, he began to retard his speed when about fifty or seventy-five feet back from the corner of Valencia Street, so that the speed of his Ford car was about eight to ten miles per hour at the west building line of Valencia Street. When the Ford entered the westerly boundary of the intersection its speed had slackened to four or five miles an hour. Upon entering the intersection, and at a point about four feet east of the westerly property line of Valencia Street, plaintiff made a traffic

observation to the south along the latter street. He saw the defendant's automobile at a distance of about one hundred fifty feet south of the south curb line of Sixteenth Street, traveling in a northerly direction at a speed of about forty miles per hour. After this observation, and somewhere between the west property line and the west curb line of Valencia Street, plaintiff shifted into second gear and thereafter traveled in the same gear up to the time the collision occurred. He entered the intersection and shortly thereafter made another observation to the south, whereupon he saw defendant's automobile about seventy-five feet south of the south curb line of Sixteenth Street, its speed reduced to about twenty-eight to thirty miles an hour. Plaintiff thereupon, thinking the defendant was going to slow down, continued across the intersection at a speed of about eight or ten miles an hour, making observations for traffic in other directions. When the front of his Ford automobile was approximately ten feet away from the easterly curb of Valencia Street, he saw the jitney bus, operated by defendant, for the third time, going about forty miles per hour, and about two feet south of the south curb of Sixteenth Street. Plaintiff then turned sharply to the left to avoid the impending collision. The front part of the jitney came into collision with the right rear fender of the Ford, pushing the Ford northerly across the intersection for twenty feet, when it tipped over. Plaintiff's left hand was crushed between the side of the Ford and the pavement. He suffered fractures and pronounced dislocation of the metacarpal bones, the destruction of the palmar fascia and the loss of the palmar arch, all causing deformity, shortening of the hand and permanent limitation of function. Plaintiff underwent two operations; was hospitalized for a total period of five weeks and received medical attention for about seven months, during which time he was obliged to remain away from his work. The injury to his hand is permanent and will prevent him from doing any hard labor in the future.

Under these facts there is no merit in the claim that plaintiff was guilty of contributory negligence as a matter of law. The evidence shows that plaintiff used ordinary care in approaching, entering and traversing the intersection. The rule governing situations like the instant case, where the plaintiff has used due care and caution in making

traffic observations and proceeding across the intersection, is well established. Plaintiff, having entered the intersection first, had the right of way over defendant's car. Furthermore, the plaintiff, as a reasonable and prudent person, had the right to assume that defendant would obey the law and yield the right of way at the intersection. Nor is the plaintiff required to yield the right of way to one a considerable distance away, whose duty it is to slow down in crossing an intersection. ■ Whether or not a plaintiff, after observing the approach of a car, its position and the rate of speed at which it is traveling, is justified in proceeding upon his rightful way across an intersection in advance of defendant, presents a question upon which reasonable minds might differ and is therefore one for the jury to determine. (*Couchman* v. *Snelling,* 111 Cal. App. 192 [295 Pac. 845] ; *Page* v. *Mazzei,* 213 Cal. 644 [3 Pac. (2d) 11].)

■ Nor is there any merit in the contention that plaintiff, having positive knowledge that the jitney was exceeding the speed limit, was guilty of contributory negligence as a matter of law in proceeding across the intersection. In the instant case, although plaintiff on the first observation saw the defendant one hundred fifty feet south of the intersection, approaching at a speed of forty miles an hour, he later, after he had entered the intersection, saw the jitney seventy-five feet away traveling at a decreased speed. Plaintiff thought the driver of the jitney would slow down. Under the authorities he was entitled to assume that he would. He was not bound to anticipate that defendant would increase his speed as he did, and enter the intersection at an unlawful speed of forty miles per hour. The jury, having established these and all other facts bearing upon the conduct of plaintiff, resolved the implied finding of absence of contributory negligence in favor of plaintiff. This finding is fully supported by the evidence. The isolated fact that defendant, when seen on the first two occasions by plaintiff, was traveling at an unlawful speed, cannot take the issue of contributory negligence from the hands of the jury. ■ Neither was plaintiff bound to look continuously in the direction of defendant when about to cross the medial line of Valencia Street. Plaintiff was not obligated to keep a continuous outlook in his direction. Moreover, seeing him slow down, he was entitled to assume he would yield the right of way to

plaintiff. (*Briggs* v. *Koyer*, 138 Cal. App. 487 [32 Pac. (2d) 649].) One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, and it is not negligence to fail to anticipate danger which can come only from a violation of law or duty on the part of another. We cannot say, therefore, that plaintiff was guilty as a matter of law of contributory negligence if he failed to keep a continuous watch of defendant's car. There were pedestrians on the corners of the intersection, which it was plaintiff's duty to observe. It can seldom happen that the question of contributory negligence is so clear from doubt that the court can undertake to say as a matter of law that the jury could not fairly and honestly find for the plaintiff. The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. (*Couchman* v. *Snelling, supra.*)

The judgment is affirmed.

Knight, J., and Ward, J., concurred.