[Civ. No. 12680.   First Dist., Div. One.   Nov. 15, 1944.]

WILLIAM CALLAGHY, Respondent, v. GEORGE R. MOSLE, Appellant.

Robert L. Lamb for Appellant.

William M. Malone and Raymond L. Sullivan for Respondent.

WARD, J.—Plaintiff's cause of action arose out of injuries sustained in an automobile collision which occurred at the intersection of Powell and Beach Streets in San Francisco on September 17, 1941.   Beach Street runs east and west; Powell, upon which there are two streetcar tracks, runs north and south.   Their intersection is obstructed within the meaning of the Vehicle Code, and there are no traffic stop or control signals of any kind on any corner.   On the clear, dry morning of the accident, plaintiff was driving north on Powell Street at about twenty miles an hour, straddling the outer rail of the easterly car track.   When he was about twenty feet from

Beach Street he put his automobile into second gear and entered the intersection at five, six or seven miles an hour. He first observed defendant's automobile when he was between the south property line and the curb line of Beach Street. At that time it was about 150 feet west of the westerly curb line of Powell Street and was being driven in an easterly direction about in the middle of Beach Street at a speed of around forty-five miles an hour. Plaintiff continued on his way without changing his speed. He made his second observation to the west when he was about four or five feet from the center line of Beach Street. At that time defendant's automobile was about twenty-five feet west of the westerly curb line of Powell Street. It was in the same position on the roadway and had not changed its speed. Upon plaintiff's third observation, when he was four or five feet north of the center line of Beach Street, defendant's automobile was "right on top of" him, the front thereof striking plaintiff's car at a point four or five feet north of the center line of the intersection. Plaintiff sustained injuries which necessitated hospitalization for approximately two weeks, during nine days of which he was confined to his bed. He was unable to return to his work as dock seaman until the middle of January, when, because of his condition, he was given light duties. He was unable to perform them, however, and laid off work for a month. He returned to work a second time and worked several months, but found it again necessary to "lay off." Upon his third return to work, he was given a "light sweeping, janitor job." By reason of the accident he sustained loss of wages in the sum of $1,022 and incurred a bill for medical treatment in the sum of $74.25. The jury returned a verdict in his favor in the sum of $5,000.

On appeal defendant claims that the verdict is excessive and that plaintiff was guilty of contributory negligence as a matter of law.

Appellant admits that there is a conflict in the evidence relative to his negligence and concedes that in such case an appellate court may not disturb the verdict of a jury. His position is that the evidence without conflict shows that respondent was guilty of contributory negligence, and that therefore a finding to the contrary is a conclusion of law which should be set aside. In brief, on this point appellant's contention is: "Assuming that the respondent's version of this accident is the correct one, under no conceivable theory of this

case was he justified in driving directly into the path of the automobile of the appellant and thereby causing himself injuries.''

Accepting respondent's evidence as to the facts, which we must do on appeal, namely, that he preceded appellant into the intersection and continued to operate his automobile in a prudent and careful manner—a question upon which the minds of the jury might reasonably differ, but which has been decided in favor of respondent—we are unable to go further. Of course a different rule applies if only one conclusion may be reached. (*San Diego T. & S. Bank* v. *San Diego,* 16 Cal.2d 142 [105 P.2d 94].) In *Couchman* v. *Snelling,* 111 Cal.App. 192, 195-196 [295 P. 845], the court said: ''Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision.'' (Vehicle Code, § 550.) The Couchman case was approved in *Page* v. *Mazzei,* 213 Cal. 644 [3 P.2d 11]. (See, also, *Keyes* v. *Hawley,* 100 Cal.App 53 [279 P. 674]; *Leblanc* v. *Coverdale,* 213 Cal. 654 [3 P.2d 312]; *Avalos* v. *Grimale,* 30 Cal.App.2d 725 [87 P.2d 392]; *Osgood* v. *City of San Diego,* 17 Cal.App.2d 345 [62 P.2d 195]; *Casselman* v. *Hartford A. & I. Co.,* 36 Cal.App.2d 700 [98 P.2d 539]; *Miller* v. *Cranston,* 41 Cal.App.2d 470 [106 P.2d 963].)

The only other point raised by appellant is that the damages awarded are excessive. In support of this contention he cites several cases where for a somewhat similar injury a lesser sum was awarded. A verdict may not be set aside merely because the amount awarded is larger than is usually allowed. Respondent replies by reference to several cases where an equal or greater sum was awarded.

In *Mecchi* v. *Lyon Van & Storage Co.,* 38 Cal.App.2d 674, 678 [102 P.2d 422], this court said: ''Even if the amount awarded is larger than a reviewing court might think justified, we are not in a position to decrease it unless it appears that the verdict was the result of passion or prejudice or that it is so grossly excessive that the ends of justice warrant a reduction, which the facts do not indicate. (*Morgan* v. *Southern Pac. Co.,* 95 Cal. 501 [30 P. 601]; *Formosa* v. *Yellow Cab*

*Co.,* 31 Cal.App.2d 77 [87 P.2d 716] ; *Gladstone* v. *Fortier,* 22 Cal.App.2d 1 [70 P.2d 255].) '' ''. . . there is no reasonable ground upon which it may be so held in the present case.'' (*Power* v. *California St. Cable R. Co.,* 52 Cal.App.2d 289 [126 P.2d 4].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.