[Civ. No. 3415. Fourth Dist. Dec. 27, 1945.]

RUTH GRIFFITH, Respondent, v. LEONARD N. STEIMLE et al., Appellants.

Sidney A. Moss for Appellants.

Fred A. Wilson for Respondent.

MARKS, J.—This is an appeal from an order granting plaintiff's motion for a new trial on the grounds of errors of law occurring during the trial, and the insufficiency of the evidence to sustain the verdict.

Defendants maintained and operated a resort hotel known as Pine View Lodge in the San Bernardino Mountains. Plaintiff and her friends made reservations at the lodge. They reached the hotel on the evening of July 4, 1944, and were shown to a three-room cabin by a maid. The night was dark and the maid lighted the way with a flashlight, there being no other illumination. She conducted the party to the cabin, up steps to a porch and into the center room, lighting the light there. The guests wanted some water and the maid, accompanied by plaintiff, obtained a pitcher of water by walking to the east end of the porch and down two steps to a hydrant. There were six in the party with but one drinking glass in the room, so plaintiff offered to get some from the next room.

She went out of the room leaving the door open. Her course took her onto the porch and out of the area of the light shining through the door. She proceeded west along the porch in complete darkness guiding herself with her hand on the wall of the room. She could see nothing in front of her. She proceeded thus for a distance of seven feet nine inches when she fell off the unprotected end of the unlighted porch and was injured. She could neither see nor know anything of what was in front of her as she felt her way along the porch prior to her fall.

Defendants argue that the foregoing evidence conclusively shows plaintiff guilty of contributory negligence as a matter of law, and, as she could not recover because of such contributory negligence, it was error to grant her motion for new trial.

We consider the case of *Skaggs* v. *Willhour*, 210 Cal. 524 [292 P. 649], controlling here because of the identity of the

questions decided. The District Court of Appeal reversed a judgment in favor of the plaintiff Skaggs because, in the opinion of the Justices, he was guilty of contributory negligence as a matter of law in continuing to drive his automobile along a highway after he had been totally blinded by the glaring headlights of an approaching truck. (*Skaggs* v. *Willhour,* 289 P. 181.) A hearing was granted and the Supreme Court affirmed the judgment.

The Skaggs case was reviewed and the facts were more fully set forth than in the Supreme Court decision, in *Morehead* v. *Roehm,* 118 Cal.App. 312 [4 P.2d 995], where it was said:

"The case of *Skaggs* v. *Willhour,* 210 Cal. 524 [292 P. 649], has an important bearing upon the legal question of the negligence or contributory negligence of a plaintiff who looks but does not see danger which he is approaching. In this case the plaintiff, Skaggs, was traveling north on the state highway across the Tejon Pass in Kern County. In front of him were two trucks, one traveling south and the other traveling north. The trucks met more than 150 feet ahead of Skaggs. When Skaggs approached within about that distance from the trucks he was completely blinded by the headlights of the one southbound. In his testimony he described the effect of the lights as follows: 'As I approached the trucks, the headlights of this truck facing me were very bright—— I could not see the highway for the rays of light. . . . It was impossible for me to see anyone within the rays of the headlights. . . . After I came within the rays of the light facing me I was continually in the rays of the light until I passed the rays, and I hit the rear end of the trailer.'. . . Q. 'Prior to that time could you see any tail-lights or any lights of that kind?' A. 'You could not see anything past the rays of these lights.' Q. 'Couldn't you even see the road there?' A. 'I could not see the highway there.' Skaggs further testified that he did not see the rear of the northbound truck until he was within about fifteen feet from it and too late to avoid a collision. The appellant contended that this evidence established contributory negligence on the part of Skaggs as a matter of law. The Supreme Court held: 'According to the evidence favorable to plaintiff the defendant's truck and trailer were parked entirely on the paved portion of the highway. Directly opposite the defendant's truck and trailer on the other side of the highway, facing southerly, stood another parked truck, the property of a third person. The headlights on this second truck were

shining brightly and blinded the plaintiff for a distance of about 150 feet behind the defendant's trailer. The plaintiff was traveling at a speed of about twenty-five miles per hour when his car entered the blinding rays of light from the second truck and he slowed his speed down to fifteen miles per hour, at which rate he was traveling when he first saw defendant's trailer. He then swerved to the left and applied his brakes to the utmost of their capacity. He was within about four feet of coming to a dead stop when he ran into the pipes extending from the rear end of the defendant's trailer. The defendant's negligence is clearly shown, and under the facts appearing in the record, a brief outline of which is given above, we are of the opinion that it was a question of fact for the jury whether the plaintiff did everything that a reasonable man would have done under like circumstances to safeguard the life and property of others and to avoid injury to himself.' '' (See, also, *Peri* v. *Los Angeles Junction Ry.*, 22 Cal.2d 111 [137 P.2d 441].)

We cannot distinguish between blindness caused by glaring headlights and blindness caused by darkness. Both causes have the same results, namely, inability to see, so here, as the Supreme Court held in the Skaggs case, we must conclude that the question of contributory negligence is one of fact and not of law.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 21, 1946. Schauer, J., and Spence, J., voted for a hearing.