[Civ. No. 8531. Third Dist. June 28, 1955.]

LURA EDNA COOK, Appellant, v. JAMES A ROSS et al., Defendants; MILTON L. YATES et al., Respondents.

Willens & Boscoe, Maxwell M. Willens and Elizabeth Palmer for Appellant.

Miller, Kroloff & Brown, Jack J. Miller, Richard Belcher, Miller, Kroloff, Brown & Belcher for Respondents.

VAN DYKE, P. J.—This action was brought by plaintiff, appellant here, against respondents, Robertson Truck-A-Ways, Inc., a corporation, and its employee driver, Yates; and against James A. Ross. The action arose out of a three-car collision at an intersection of two highways. The case was tried to a jury which returned a verdict of $40,000 against Ross and a verdict exonerating Robertson Truck-A-Ways, Inc., and Yates. From the judgment entered in favor of Robertson Truck-A-Ways, Inc., and Yates, plaintiff has appealed. Ross did not appeal.

Appellant contends the trial court erred in refusing to give certain instructions which she requested. Following is a statement of facts sufficient for the resolution of the issues posed by these contentions: Highway 50 intersects Van Sosten Road in San Joaquin County; plaintiff was driving west on Highway 50, intending to turn left at its intersection with Van Sosten Road; at the same time Yates was driving his employer's truck east on Highway 50, intending to cross the intersection and proceed east; Ross was driving on Highway 50 behind appellant's car, intending to cross the intersection and proceed west; as appellant approached the intersection she signaled her intention to turn left. Both Yates and Ross saw the signal. There is a dispute in the testimony as to how fast the cars were going, to what speeds they slowed down and as to their relative distances from the intersection when appellant gave her signal. There was testimony from which the jury could have concluded that when plaintiff

gave her signal and drove into the intersection Yates was so far back that she had the right of way and that Yates should have yielded it to her. Her testimony was generally to that effect and she said further that when she had entered the intersection she observed Yates was still driving toward it without appreciably lessening his speed; that she started her turn and was in position to cross the center line into the south lane when, because Yates was still approaching, she believed he would not stop and she stopped to avoid a collision. She was stationary only a second or so, as she said, when her car was struck by that driven by Ross and shoved into the southbound lane where it was hit by the truck driven by Yates.

Appellant asked of the trial court that it instruct the jury as to the statutory standards governing those involved when a car turns left at an intersection as set forth in section 551 of the Vehicle Code. That section reads as follows:

" (a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

" (b) Said driver turning left having so yielded and having given a signal when and as required by this code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn."

This instruction was refused and the court gave instead an instruction proposed by respondents and which instruction contained subdivision (a) of said section 551, but omitted subdivision (b). The refusal to give the instruction requested by appellant was error. Chapter 9 of the Vehicle Code contains the provisions as to the right of way. Section 550 sets up the statutory standard of care imposed upon vehicles approaching or entering an intersection. Section 551 sets up the statutory standards governing vehicles involved when a vehicle turns left at an intersection. The remaining four sections govern vehicles entering a through highway, vehicles entering a highway from a private road, the operation of vehicles and street cars on approach of emergency vehicles and the duties of drivers of vehicles and equestrians at equestrian crossings. Section 550, after requiring a driver of a vehicle approaching an intersection to yield the right of way to a vehicle which has entered the intersection from

a different highway, and, after requiring that when two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield, specifically provides in subdivision (c) thereof that section 550 shall not apply to vehicles approaching each other from opposite directions when the driver of one of such vehicles is intending to or is making a left turn. It declares that "such movement shall be governed by section 551." Section 551, therefore, clearly is the section which sets up the statutory standards of care which were applicable to appellant, to Yates and to Ross. And under the situation presented by the evidence here the whole of the statutory standard should have been given to the jury. The evidence was somewhat in conflict, as we have said, as to the relative positions of the vehicles of Yates and appellant, but there is no dispute that she signaled her intention to turn and that her signal was observed and understood by Yates and Ross. From the evidence the jury could have concluded that when she, pursuing her intention to turn left, had entered the intersection, Yates was so close in his opposite approach thereto that his vehicle constituted an immediate hazard if she should make the turn and that, therefore, it was her duty to yield to Yates. Also there was ample evidence from which the jury could conclude that at that moment of time Yates was so far back from the intersection that his vehicle did not constitute such an immediate hazard and that, therefore, it was the duty of Yates to yield to appellant. Subdivision (a) of the section was, of course, applicable. But subdivision (a) of section 551 expressly states the duty of the driver of a vehicle intending to turn and says nothing about the duties of drivers approaching the intersection from the opposite direction. That subject is covered fully by subdivision (b). Subdivision (b) says in effect that if a driver intending to make or making a left turn has yielded the right of way to vehicles, if any there be, which were so close to the intersection as to constitute an immediate hazard to such turning such driver may then proceed to make the turn and cross into the opposite lane without yielding to other vehicles, even though during the interval occupied by the yielding, and which may have approached the intersection so closely that if they continue and the turning maneuver is executed there is danger of a collision. But the subdivision does more than that. It says further, in effect, that a driver, not under necessity of yielding because there is no immediate hazard, may make the

left turn, and that the drivers of all other vehicles approaching the intersection from the opposite direction must yield the right of way to the driver making the turn. Instructing on subdivision (b), even in the language of the statute, would have told the jury that if Yates was far enough back when appellant began her turn so that she could have proceeded to make it in safety he was required to yield the right of way to her. Whether or not the position of Yates on the highway was such that if he proceeded lawfully into the intersection the appellant's turning maneuver would have interfered with him was in this case clearly a question of fact for the jury to determine. Under the evidence they could have determined it either way. They were given the statutory standard as to appellant's duty, but they were not given the statutory standard applicable to Yates and prescribing his duty if Yates was far enough back so that his vehicle did not constitute an immediate hazard to appellant's intended maneuver.

█ Appellant requested and the court refused to give the following instruction:

"Where a car has actually entered an intersection before the other approaches it, and when the other car does not constitute an immediate hazard, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has the right to assume, until the contrary appears, that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision."

This instruction should have been given. It has frequently received the approval of appellate courts. (*Morehead* v. *Roehm,* 118 Cal.App. 312, 316 [4 P.2d 995]; *Cowan* v. *Market Street Ry. Co.,* 8 Cal.App.2d 642, 647 [47 P.2d 752]; *Page* v. *Mazzei,* 213 Cal. 644 [3 P.2d 11].) It would have accomplished two legitimate purposes. It would have supplied the lack created by the court's failing to instruct on subdivision (b) of section 551 of the Vehicle Code. But it would have done more. Bearing in mind that the jury from the evidence could have determined that appellant had the right of way over Yates, then appellant, rightfully assuming that Yates would yield, would have signaled only her intention to turn and might well have had no opportunity to signal a stop and thus avoid a collision with Ross, since the failure of Yates to yield might well have created a situation compelling her to make an emergency stop without opportunity

to signal. Appellant's testimony is generally to the effect that such was the factual situation. These same considerations were material in the trial of the cause as bearing on the proximate cause of the accident, for Ross, facing the situation when appellant signaled a turn, might have been justified in concluding that Yates would yield, appellant would continue her turning maneuver, and his rate of slow-down need only be such as to permit her, so continuing, to leave the lane on which Ross was traveling and not such as to accommodate a stopping of her vehicle in that lane.

██ Appellant requested and the court refused the following instruction:

"You are hereby instructed that it is well established law that an original wrongful act may be so continuous that the action of a third person precipitating the disaster will in law be regarded as not independent, but as joining with the original act to produce the accident."

This instruction stated a well-settled rule of negligence law and in this case should have been given, for it was applicable to the issue of proximate cause for the reason we have just hereinabove stated. It would have guided the jury in determining whether or not Yates' conduct was a proximate cause of the accident if from the facts the jury should first have determined that Yates ought to have yielded the right of way to appellant.

Appellant advances other contentions, but we think the refusal of the court to give the foregoing instructions was prejudicial error necessitating a reversal of the judgment in favor of Robertson Truck-A-Ways, Inc., and Yates.

Appellant, taking the position that Yates' actionable negligence was made out as a matter of law, asks us to reverse the judgment given and to direct the entry of judgment for the amount of damages which the jury awarded in its verdict against Ross. We think it apparent from what has been said that this cannot be done. The question of Yates' actionable negligence was for the jury to determine, both on the issue of negligent conduct and on the issue of proximate cause.

The judgment appealed from is reversed.

Schottky, J., and Finley, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 17, 1955.

---

*Assigned by Chairman of Judicial Council.